# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DURWIN EVANT BONDS, JR.,** )<br>     Plaintiff,     )<br>                            )<br>v.                          )<br>                            )<br>**COMMONWEALTH OF VIRGINIA,** )<br>*et al.*,                    )<br>     Defendants.   ) | Civil Case No. 7:21-cv-00363<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Durwin Evant Bonds, Jr., a Virginia inmate proceeding *pro se*, has filed a complaint in this court pursuant to 42 U.S.C. § 1983. The complaint lists two plaintiffs: Bonds and Turf Workers Plus, described as a sole proprietorship owned by Bonds.[1] (The court will hereinafter refer collectively to both plaintiffs as "Bonds," using the singular.) The case is before the court for review pursuant to 28 U.S.C. § 1915A, which requires the court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring a court to dismiss a case in which a plaintiff has been granted authority to proceed *in forma pauperis* if the court determines that the action fails to state a claim or seeks monetary relief against an immune defendant).[2]

As explained in more detail below, the complaint fails to state a claim for which relief can be granted and thus must be dismissed.

---

[1] Crediting the representation that Turf Workers Plus is a sole proprietorship owned by plaintiff Bonds, then Turf Workers Plus need not be represented by counsel, but may appear *pro se* through Bonds. *See RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007) ("[A]n individual owner may represent his sole proprietorship in a pro se capacity."). This is so because "a sole proprietorship has no legal existence apart from its owner." *Id.*

[2] Plaintiffs have sought leave to proceed *in forma pauperis*, but that request has not yet been granted.

I. BACKGROUND

Bonds's complaint names the following twelve defendants: Commonwealth of Virginia, Roanoke City Sheriff Department, Roanoke City Police Department, Roanoke City Magistrate Office, Roanoke City Commonwealth Attorney Office, City of Roanoke, Officer K.L. Dooley, Sgt. T.S. Wallace, Sheriff Tim Allen, Chief Sam Roman, Senator Tim Kaine, and Governor Ralph Northam.

Although Bonds's complaint spans more than forty pages, not including exhibits, his allegations are straightforward. He claims that he was the victim of a crime on or about April 24, 2018. On that date, defendant R.L. Dooley of the Roanoke City Police Department notified Bonds, who was then in jail, that his 2007 Mitsubishi Outlander SUV had been discovered by authorities abandoned, damaged, and non-operational. In response, Bonds informed Dooley that the vehicle was taken against his will by Keyana Renee Reeves.[3] Bonds alleges that he was told that a warrant would be sworn out against Reeves and that the Roanoke County Police Department would contact Bonds to assist him with his stolen property. At that point, the vehicle already had been towed on the instruction of Roanoke County.

An incident report was prepared and, according to Bonds, the Roanoke City Magistrate's Office produced and served Reeves with a warrant on June 6, 2018. Despite numerous inquiries to various local and state agencies, and despite being told repeatedly by various defendants and other personnel at such agencies that someone would get back to him, he has been unable to obtain any information about the disposition of the warrant/summons against Reeves, and apparently has received no restitution for the loss of, or damages to, the vehicle. He complains

---

[3] Based on the incident report submitted with the complaint, Bonds told Dooley that he had been arrested for a domestic situation between him and Reeves, who was his live-in girlfriend at the time. According to Bonds, he told Reeves when he was arrested not to drive his car and later told Dooley that she did not have permission to drive it, although he had allowed her to drive the car in the past.

2

that he has not been provided any redress by any of these agencies. For example, he alleges that the Roanoke City Commonwealth Attorney's Office has "blatantly refused" to provide him "due process of law and/or redress for his stolen property," which he believes is a violation of the Virginia and United States Constitutions. Compl. 19–20, ECF No. 1.

The complaint includes only two counts. Count One is titled "Rights of a Victim of Crime." In it, Bonds asserts that defendants failed at all stages of the criminal process to treat him with respect, dignity, and fairness, and to provide timely notice of judicial proceedings. He alleges that, as a result, he was deprived of the right to address the court, confer with the prosecution, and his right to restitution.

Count Two is titled "Equal Protection by Due Process of Law." Bonds appears to be asserting both a claim that his due process rights were violated by defendants, and that he was denied equal protection of the laws. He does not cite to any specific constitutional provision, and he does not offer any additional detail other than the facts alleged above.

For relief, Bonds seeks compensatory damages in the amount of $12 million ($1 million from each defendant) and punitive damages in the amount of $36 million ($3 million from each defendant). He also requests injunctive and declaratory relief. Specifically, he requests a court order that defendants halt "their illegal behavior and provide the victims of a crime and/or plaintiffs equal protection of the law and due process of the law, for their stolen property" and several declarations, including a declaration that each defendant's misconduct was "unconstitutional and unlawful." Compl. 36.

## II. DISCUSSION

In reviewing a complaint under 28 U.S.C. § 1915A, the court must dismiss the complaint, or any portion of the complaint, that is either "frivolous, malicious, or fails to state a claim upon

which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1)–(2).  Pleadings of self-represented litigants should be given liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).  Bonds's allegations fail to state a valid § 1983 claim for several reasons.

As an initial matter, many of the defendants Bonds names are subject to dismissal either because they are not entities that can be sued under § 1983 or because they have immunity from suit.  For example, entities such as the Roanoke City Sheriff Department, Roanoke City Police Department, Roanoke City Magistrate Office, and the Roanoke City Commonwealth Attorney Office are not "persons" under § 1983.  *Preval v. Reno*, 2000 WL 20591, at *1 (4th Cir. 2000) (affirming district court's holding that a regional jail is not a "person" under § 1983); *Hardee v. City of Norfolk*, No. 3:20CV558, 2021 WL 2482681, at *3 (E.D. Va. June 17, 2021) ("Neither inanimate objects such as buildings, facilities, and grounds nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983.") (internal quotations and citation omitted)).

Also, the Eleventh Amendment bars suit from being brought in federal court against an unconsenting state, and the "immunity applies to state agencies that may be properly characterized

as 'arm[s] of the State,' as well as to state employees acting in their official capacity." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (citations omitted). Here, for example, Eleventh Amendment immunity would prevent the Commonwealth from being sued under § 1983, and also would bar any claim for damages against many of the entities and persons listed, including any official-capacity claims against Governor Northam, the Commonwealth's Attorney, and the Sheriff. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Davison v. Plowman*, 247 F. Supp. 3d 767, 780 (E.D. Va. 2017) (discussing Eleventh Amendment immunity of Virginia's constitutional officers and collecting authority). Any claim against the magistrate or the Commonwealth's Attorney also may be barred by judicial or prosecutorial immunity, respectively.

Regardless of those immunities, though, Bonds has failed to state a claim for which relief can be granted, and that requires dismissal of all of his claims against all defendants. Bonds clearly believes that he has been treated unfairly throughout the process of and that he believes his rights as a victim have been violated by defendants. Importantly, though, Bonds has no constitutional right to insist upon an investigation or criminal prosecution. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.") (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases).

Likewise, Bonds has not identified any other federal (or state) law that would provide a private cause of action to him. The federal Crime Victims Rights Act ("CVRA") does not apply here because Bonds is not a victim of a "Federal offense." 18 U.S.C. § 3771(e)(2)(A) (setting forth definition of "crime victim" under the CVRA). In any event, although the CVRA provides

5

a mechanism for a crime victim to assert his rights, 18 U.S.C. § 3771(d)(3), it does not authorize any cause of action for damages. 18 U.S.C. § 3771(d)(6).

Similarly, to the extent that Bonds relies on Virginia Constitution, Article 1, Section 8-A, which sets forth the victim's rights referred to by Bonds as a victim, his allegations still do not state a claim under § 1983. First of all, a violation of state law cannot give rise to a claim under § 1983. *Love v. Pepersack*, 47 F.3d 120, 124 n.5 (4th Cir. 1995). Furthermore, that provision expressly states that it does not provide for a private cause of action. Va. Const. Art. 1 § 8-A (noting that the section "does not create any cause of action for compensation or damages against the Commonwealth or any of its political subdivisions, any officer, employee or agent of the Commonwealth or any of its political subdivisions, or any officer of the court").

Lastly, although Bonds claims a "due process" violation and an "equal protection" violation, he does not identify any property or liberty interest of which defendants deprived him; instead, it appears that Reeves is the one who took his property and left it in disrepair and abandoned. As to an equal protection violation, Bonds does not identify any similarly situated individual who was treated differently, as he must in order to allege an equal protection violation. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (explaining that an equal protection claim requires a litigant to "first demonstrate that he has been treated differently from others with whom he is similarly situated") (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).

Because Bonds has not identified any federal constitutional right that was infringed or any federal law that has been violated, he has failed to state a claim pursuant to § 1983.

## III. CONCLUSION

For the foregoing reasons, the court will dismiss this case. An appropriate order will be entered.

It is so **ORDERED**.

Entered: July 6, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.07.06 14:03:30
-04'00'

Michael F. Urbanski
Chief United States District Judge